## Isadore B. Simco, Defendant in Error, v. Morris M. Mankowitz, Plaintiff in Error.

### Gen. No. 18,771.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded on rehearing. Opinion filed November 4, 1913. Rehearing allowed and additional opinion filed January 13, 1914.

## Statement of the Case.

A judgment by confession for $125 was entered in the Municipal Court of Chicago in favor of Isadore B. Simco against Morris M. Mankowitz on a promissory note and power of attorney authorizing the entry of judgment, and a cognovit confessing judgment on the note. Defendant moved to set aside and vacate the judgment, the motion being based on a petition and affidavit. From a denial of the motion, defendant brought error.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

Coan v. Coan, 190 Ill. App. 633.

HENRY L. STROHM, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 80*—*when judgment by confession may be vacated.* The court has power to entertain a motion and petition to vacate a judgment by confession where more than thirty days has elapsed after the entry of judgment.

2. JUDGMENT, § 75*—*when petition presents equitable grounds for vacating judgment.* A petition to vacate a judgment by confession alleging that the *ex parte* proceedings were had without the defendant's knowledge, that all equities and defenses of the maker of the note existed against the plaintiff, that plaintiff was not an innocent purchaser of the note but a party to fraud perpetrated on the defendant, that the note was void and without consideration, and that plaintiff's assignor was guilty of breach of warranty in the sale of an automobile and agreed to make the warranty good, presents equitable grounds for relief entitling the defendant to plead.

3. JUDGMENT, § 80*—*when judgment by confession may be vacated.* Under section 21 of the Municipal Court Act, the court may vacate a judgment after thirty days from its entry, on a petition setting forth facts sufficient to cause the same to be vacated in a court of equity.